UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DWAYNE GERVAIS; ASHLEE BREWSTER, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:25-cv-12286-ADB |
| TOWN OF EASTON; KEITH BOONE, in his individual capacity; PAUL BAKER, in his individual capacity; JOSHUA ANDREW STANTON, in his individual capacity; JARED NEVENS, in his individual capacity; TIMOTHY WEBSTER, in his individual capacity; DARREN MANGOTT, in his individual capacity, | * * * * * * * * * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Plaintiff Dwayne Gervais and Plaintiff Ashlee Brewster's

(collectively, "Plaintiffs") motion for leave to file a first amended complaint ("FAC").  [ECF No.

28].  For the following reasons, the motion is **GRANTED**.

Plaintiffs seek to file an amended complaint to revise their description of their § 1983

excessive force claims (Counts I and II), [ECF No. 1 ¶¶ 111–158], in what they contend is a

clarification of the constitutional provisions and theories underlying those claims.  [ECF No. 28

at 1–2].  Plaintiffs further seek to make various clerical additions and corrections to their

complaint.  [Id. at 1–4].  Although Defendants generally oppose the motion to amend, they

specifically object only to the purported clarifications to Counts I and II, contending that these

revisions are inappropriate because (1) the deadline for amending pleadings passed months ago, and (2) the revisions seek to add a new substantive due process theory not present in Plaintiffs' initial complaint.  [ECF No. 29 at 1-2].  Defendants further argue that they will be prejudiced by this purportedly new theory because they "have already completed their factual written discovery and depositions of both the Plaintiffs."  [Id. at 2–3].

Where, as here, a litigant files a motion to amend the pleadings beyond the scheduling order deadline, see [ECF No. 18], the party seeking such amendment is generally required to demonstrate "good cause."  U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015) (citing Fed. R. Civ. P. 16(b)(4)).  The central focus of the good cause inquiry is the "diligence of the party seeking the amendment," but "[p]rejudice to the opposing party nevertheless remains a relevant consideration."  Prosight – Syndicate 1110 At Lloyds v. M. L. Schmitt, Inc., 344 F.R.D. 121, 124–25 (D. Mass. 2023) (citing O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004)).  "In assessing diligence, the court may consider undue delay, bad faith, or dilatory motive," along with "futility of the proposed amendments." Id. at 125.

The Court finds that the contested amendment is appropriate under the Rule 16 standard because it does not add a new theory, but rather, as Plaintiffs contend, merely clarifies the preexisting theories in the complaint.  Counts I and II of Plaintiffs' original complaint invoked both the constitutional right to freedom from "unreasonable seizures through excessive force" and a separate "constitutional right under the 14th amendment to bodily integrity."  [ECF No. 1 ¶¶ 115–116, 139–140].  Both counts also explicitly invoked the "shocks the conscience" standard applicable to Fourteenth Amendment Substantive Due Process claims on behalf of both Plaintiffs.  [Id. ¶¶ 120, 144]; see Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846–47 (1998).

2

Although Plaintiffs' § 1983 claims are not a model of clarity or masterful pleading, the Court nonetheless finds that they were sufficient to place Defendants on notice that Plaintiffs were pursuing both an unreasonable seizure theory and a substantive due process theory. The Court therefore agrees with Plaintiffs' characterization of the FAC as merely clarifying the theories asserted in their original complaint, rather than introducing a new theory after the amendment deadline. Accordingly, the substantive changes effectuated by the amendment, and by extension the prejudice to Defendants, are minimal. See, e.g., Prosight, 344 F.R.D. at 125–26 (granting post-deadline leave to amend to clarify basis for claim where defendant was already on notice of legal theory).[1]

Further, although Plaintiffs have not acted with perfect diligence, they appear to have acted with sufficient diligence to meet Rule 16's "good cause" standard in light of the non-substantive nature of the contested amendment. Plaintiffs proffer that the interpretive dispute necessitating this amendment did not become clear until after the deadline for amending pleadings, when Defendants informed Plaintiffs that they believed that the original complaint did not assert a substantive due process claim. [ECF No. 28 at 5]. Defendants do not dispute this characterization of events or otherwise identify any circumstances that should have led Plaintiffs

---

[1] Moreover, as to Defendants' argument that they would be prejudiced by being required to reopen discovery, [ECF No. 29 at 2–3], it is unclear what additional discovery the substantive due process claims necessitate. Both the unreasonable seizure and substantive due process claims concern the same underlying events and turn on the same facts. Any discovery Defendants could pursue that is relevant to the substantive due process claims would likely also be relevant to the unreasonable seizure claims. Should Defendants identify a need for supplemental discovery that cannot be completed by the September 11, 2026, deadline, they may file a motion seeking additional time if warranted.

to pursue this clarifying amendment earlier.  [ECF No. 29].  Accordingly, Plaintiffs have met the

Rule 16 standard.

For the foregoing reasons, Plaintiffs' motion for leave to file an amended complaint is

**GRANTED**.


**SO ORDERED.**

August 13, 2026                                    */s/ Allison D. Burroughs*
                                                   ALLISON D. BURROUGHS
                                                   U.S. DISTRICT JUDGE